(310 P.3d 422)
No. 106,803

STATE OF KANSAS, *Appellee*, v. MATTHEW M. RUCKER, *Appellant*.

Opinion filed September 13, 2013.

*Meryl Carver-Allmond*, of Kansas Capital Appellate Defender Office, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., ATCHESON and SCHROEDER, JJ.

LEBEN, J.: Matthew Rucker was convicted in a jury trial of theft and eluding a police officer. But even though he was in state custody, he wasn't in attendance at the trial, and he has appealed on the basis that his constitutional and statutory right to be present at his own trial was violated.

Rucker sent a note to the court on the morning of his trial, claiming that he had been on a hunger strike for several days and was too weak to come to court. He also said he had complaints about his defense counsel, and he asked the court to appoint new counsel to represent him.

The district judge expressed skepticism, noting that Rucker had had two other jury trials in his court in the past few weeks and that he had appeared healthy. The judge speculated that Rucker was trying to delay the trial. The court heard testimony from jail personnel that, at breakfast that day, Rucker had taken an orange and some milk before returning the remainder of his food tray uneaten, and that Rucker had appeared to be healthy.

The court then directed that Rucker's defense attorney deliver a note to Rucker, advising him that the judge was requiring Rucker's presence at trial, didn't believe he was too weak to come to court, and considered Rucker's note a ploy to delay the trial— but would not force Rucker to appear. Rucker's counsel prepared such a note, and jail personnel delivered it. Those personnel reported that Rucker took the note, appeared to read it, and then threw it down.

The district court then conducted the jury trial in Rucker's absence. The court told the jury that Rucker had a constitutional right to appear at the trial but that he had voluntarily decided not to appear. The court instructed the jury not to use Rucker's absence against him in deciding the case. The jury convicted Rucker on both charges.

Rucker has appealed, contending that his right to be present at his trial under both constitutional and statutory provisions was violated. A criminal defendant has a right to be present at trial under the Sixth Amendment to the United States Constitution, under Section 10 of the Kansas Constitution Bill of Rights, and under K.S.A. 22-3405.

The parties have focused their appellate briefs primarily on the language of K.S.A. 22-3405, which provides that "the defendant's voluntary absence *after the trial has been commenced in such person's presence* shall not prevent continuing the trial. . . . ." (Emphasis added.) The State argues that Rucker was voluntarily absent.

Rucker argues that his absence occurred *before* the trial had been commenced in his presence, so his voluntary absence did not qualify under the statute to allow the trial to continue. But Rucker concedes that the Kansas Supreme Court, applying K.S.A. 22-3405 in *State v. Salton*, 238 Kan. 835, 837-38, 715 P.2d 412 (1986), held that a defendant's absence at the commencement of a trial could constitute a voluntary absence that would waive the defendant's right to be present and would allow the trial to proceed in his or her absence.

There are two critical differences, however, between the procedures leading up to Salton's waiver of his right to be present at trial and the claim here that Rucker did so. In *Salton*, "[t]he judge advised the [defendant] of his continuing right to be present at the trial." 238 Kan. at 414. In Rucker's case, the district court had Rucker's attorney pass along this information—and we have an insufficient record upon which to conclude that Rucker understood his rights before he waived them. These differences are important ones.

The right to be present at one's own criminal trial is "scarcely less important to the accused than the right of trial itself." *Diaz v. United States*, 223 U.S. 442, 455, 32 S. Ct. 250, 56 L. Ed. 500 (1912). Like other constitutional rights of the criminal defendant, given its importance, the right to be present at one's own trial can only be waived if the record demonstrates that the waiver was knowing and voluntary. See *Schriro v. Landrigan*, 550 U.S. 465, 484, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) ("It is well established that a citizen's waiver of a constitutional right must be knowing, intelligent, and voluntary."); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (holding that waiver of constitutional rights may not be presumed where record does not show waiver); *United States v. Berger*, 473 F.3d 1080, 1095 (9th Cir. 2007) (applying knowing, intelligent, and voluntary waiver requirement to right to be present at trial); *United States v. Nichols*, 56 F.3d 403, 413 (2d Cir. 1995) (same).

But what does this mean the judge must actually do? With similar constitutional rights at stake, Kansas courts have required that the judge make sure that the right at issue has been clearly ex-

plained to the defendant and that the defendant, with sufficient understanding of the right, has voluntarily waived it. *E.g., State v. Frye*, 294 Kan. 364, Syl. 3, 277 P.3d 1091 (2012) (right to jury trial); *State v. Youngblood*, 288 Kan. 659, 664-65, 206 P.3d 518 (2009) (right to counsel). We have also emphasized in cases involving the jury-trial right that it is generally the trial judge's obligation to explain the right to the defendant. *E.g., State v. Bowers*, 42 Kan. App. 2d 739, 741, 216 P.3d 715 (2009) (citing *State v. Irving*, 216 Kan. 588, 590, 533 P.2d 1225 [1975]); *State v. Larraco*, 32 Kan. App. 2d 996, Syl. ¶ 1, 93 P.3d 725 (2004).

Ordinarily, then, the trial judge should do two things before the defendant can properly waive such a right. First, the judge should clearly explain the right to the defendant. Second, the judge should determine whether the defendant understands the right and is voluntarily waiving it. Neither step was sufficiently accomplished here.

First, the district judge didn't personally and directly explain to the defendant his right to be present for his trial. Instead, the judge assigned that task to the defendant's attorney. There may perhaps be cases in which that would suffice—such as one in which a defendant has previously injured deputies transporting him to the courtroom and the judge concludes that it isn't safe to attempt to bring the defendant to court to explain his rights to him. See *Jones v. Murphy*, 694 F.3d 225, 240-42 (2d Cir. 2012) (finding that defendant's violent and disruptive actions, including injuring a deputy who tried to restrain him in court, prevented returning him to court during trial); *State v. Hartfield*, 9 Kan. App. 2d 156, 162, 676 P.2d 141 (1984) (noting trial judge's options when defendant is disruptive during trial) (citing *Illinois v. Allen*, 397 U.S. 337, 343-44, 90 S. Ct. 1057, 25 L. Ed. 2d 353 [1970]). But there is nothing in our record to suggest that deputies would have had any difficulty bringing Rucker to the courtroom to have a discussion with the judge about Rucker's right to be present. The judge should ordinarily take the responsibility for explaining to the defendant his constitutional rights, and the judge here should have done so.

Second, the record here does not show that the defendant knowingly and voluntarily waived his rights. We know that a jailer said the defendant took the letter written by his attorney, seemed to

read it, and then threw it down. But when important constitutional rights are at stake, we cannot assume from this evidence either that Rucker understood the rights explained to him in the letter or that, by throwing the paper to the ground, he was voluntarily giving up any specific rights. Thus, the defendant's right to be present at trial was violated here.

Even so, we consider whether the error was harmless; both parties agree that the error at issue here is subject to harmless-error analysis. For us to find the error harmless, the State must show beyond a reasonable doubt that the error did not affect the outcome of the trial because there is no reasonable possibility that it contributed to the verdict. See *State v. Herbel*, 296 Kan. 1101, Syl. ¶ 2, 299 P.3d 292 (2013).

Rucker argues here that the error wasn't harmless because it prevented him from presenting some evidence to the jury. The charges in this case arose in part from a car chase in April 2010. In his opening statement, Rucker's attorney mentioned that Rucker had told police right after the car chase that there were three people in the car and that Rucker was a passenger, not the driver. If true, Rucker couldn't have been the driver who was eluding the police officer giving chase. After opening arguments, the prosecutor moved to block any further reference to Rucker's statement to the police based on Rucker's absence from the courtroom. The district court granted that motion, and the defense claims on appeal that the excluded evidence could have affected the jury's verdict.

In its appellate brief, the State does not respond with any discussion about whether the defense's inability to present the statement Rucker made to police had any impact on the verdict. We are unable to conclude beyond a reasonable doubt that there is no reasonable possibility that Rucker's absence from the courtroom throughout the trial contributed to the guilty verdicts against him. Accordingly, the error can't be disregarded as harmless.

We recognize that the trial judge in this case was responding to these events in real time, not with the benefit of hindsight that appellate courts enjoy. We also recognize that the trial judge had just completed two other jury trials with the same defendant, so

the judge may have been convinced that Rucker understood all of his rights. But an appellate court must be able to determine—from the record of this case—whether Rucker had been advised of his rights and whether he had, with an understanding of his rights, voluntarily waived them. We cannot do so here, and we do not assume that constitutional rights have been properly waived in the absence of a record showing that to be the case. See *Boykin*, 395 U.S. at 243; *Youngblood*, 288 Kan. 659, Syl. ¶ 1; *Irving*, 216 Kan. at 589.

We also wish to comment regarding the appellate briefs filed in this case. We could potentially have ruled for the State in this case by concluding that the defendant had waived any argument other than his statutory one: that K.S.A. 22-3405, by its plain terms, doesn't allow a waiver by failure to appear unless the defendant was present at the start of trial. The defendant argued in his brief that the *Salton* case should be overruled—and overruling a Kansas Supreme Court case is something that we obviously cannot do. But see *Crosby v. United States*, 506 U.S. 255, 113 S. Ct. 748 (1993) (interpreting Fed. R. Crim. P. 43, which is similar to K.S.A. 22-3405, not to allow trial in absence of defendant who is not present at start of trial). Further, while the defendant cited the constitutional provisions giving him a right to be present at trial, he also introduced that section by saying that the constitutional right had "been codified by K.S.A. 22-3405" and then arguing that *Salton* be overruled as to its interpretation of that statute. So the constitutional issue was not fully briefed, as Rucker's argument focused on *Salton* and the Kansas statute.

We have nonetheless chosen to address the constitutional issue directly. We do so because constitutional rights are at the heart of our criminal-justice system; we are thus unwilling to apply the rule here that the failure to properly brief an issue waives that issue on appeal. Rucker has cited to the constitutional protections to his right to be present in his brief, and he has cited to cases specifically applying the constitutional protections. It is therefore appropriate here to address on its merits whether the district court's actions violated Rucker's constitutional right to be present at his trial.

Rucker also raised a second issue on appeal. He contends that the district court should have appointed new counsel to represent him based on the note he had sent the morning of trial. Because the verdict of the trial is being set aside, we conclude that this issue need not be resolved in this appeal. The trial court does have a duty to inquire further when it becomes aware of a possible conflict of interest between a criminal defendant and his counsel, *State v. Vann*, 280 Kan. 782, 789, 127 P.3d 307 (2006), and the trial court here did make a limited inquiry into the circumstances of Rucker's absence. In advance of any retrial, the trial court will have a further opportunity to determine whether Rucker has any justifiable dissatisfaction with his appointed counsel. See *State v. Richardson*, 290 Kan. 176, 184, 224 P.3d 553 (2010). That determination would best be made in a hearing at which both Rucker and his attorney are present, something that didn't take place when this issue came up on the morning of Rucker's trial and in his absence. Since the case must be sent back to the district court for retrial, we will simply return this issue for further proceedings in the district court.

The district court's judgment is reversed, and this case is remanded to the district court for further proceedings consistent with this opinion.