NOT DESIGNATED FOR PUBLICATION

No. 112,280

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

WILLIAM DEWEY DOTSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Dickinson District Court; DAVID R. PLATT, judge. Opinion filed February 5, 2016. Sentence vacated and remanded with directions.

*Robert A. Levy*, of Law Office of Robert A. Levy, of Garden City, for appellant.

*Daryl E. Hawkins*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

*Per Curiam*:  William Dewey Dotson appeals the district court's decision to proceed with his sentencing hearing in his absence after he stabbed himself in the neck with the temple piece of his eyeglasses. We agree with Dotson that the district court, over the objection of his attorney, abused its discretion by proceeding with the sentencing hearing after he had been taken to the hospital and was no longer present. Sentence vacated and remanded with directions.

FACTS

Dotson was convicted by a jury of aggravated indecent liberties with a child (his granddaughter). At the sentencing hearing, Dotson, for an unknown reason, used the temple part of his eyeglasses to stab himself in the neck while the victim was testifying. The record reflects that Dotson passed out and medical help was summoned. He was taken to the hospital for evaluation. The district court reconvened the sentencing hearing that same day without Dotson present, denying Dotson's attorney's request for a continuance. The district court found Dotson's actions were voluntary; he voluntarily absented himself from the courtroom, and the sentencing hearing would continue in his absence. His attorney again requested a continuance to allow Dotson to testify on his own behalf in support of his motion to depart from the off-grid sentence to an on-grid sentence with probation. The district court denied her request. The district court proceeded with the hearing and sentenced Dotson in his absence to the off-grid sentence of life imprisonment with a mandatory minimum of not less than 25 years. By proceeding with the sentencing hearing in his absence, Dotson was not provided with his opportunity for allocution or personally explained his right to appeal.

Dotson now appeals the sentence imposed in his absence.

ANALYSIS

*It was error to proceed with sentencing in Dotson's absence.*

On appeal, Dotson argues that under K.S.A. 2014 Supp. 22-3405 and the Sixth Amendment to the United States Constitution he had an absolute right to be present at all stages of prosecution. Additionally, in light of the extensive medical testimony at trial about his psychological issues involving post-traumatic stress disorder (PTSD) derived from his military service in Vietnam, Dotson argues the district court erred when it found

his absence was voluntary and denied his defense counsel's multiple requests for a continuance.

In contrast, the State argues the district court did not err because:

"Dotson's deliberate, calculated actions were intended to disrupt his sentencing, and to strike emotionally at his victim granddaughter, while falling back on his preferred defense of PTSD. His refusal to respond to officers and then his combativeness was intentional. Dotson voluntarily absented himself from the remainder of the sentencing hearing and his disruptive behavior should not be rewarded."

At oral argument, the State softened this response and generally agreed Dotson should not have been sentenced in absentia.

Dotson's brief failed to provide the correct standard of review on appeal. However, since the denial of a defendant's right to be present at sentencing presents a question of law, this court's review is unlimited. See *State v. Knighten*, 51 Kan. App. 2d 417, 427, 347 P.3d 1200, *rev. denied* 302 Kan. ___ (2015).

"Both the United States Constitution and Kansas statutory law guarantee a criminal defendant the right to be present at every critical stage of the proceeding. See U.S. Const., amend. 6; K.S.A. 22-3405(1); K.S.A. 2014 Supp. 22-3405(a); see also *United States v. Gagnon,* 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985) (explaining that the Due Process Clause extends the Confrontation Clause of the Sixth Amendment 'in some situations where the defendant is not actually confronting witnesses or evidence against him')." *State v. Bolze-Sann*, 302 Kan. 198, 215, 352 P.3d 511 (2015).

A defendant's statutory right to be present at every stage of the proceedings is provided by K.S.A. 2014 Supp. 22-3405(a), which states:

"The defendant in a felony case shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by law. In prosecutions for crimes not punishable by death or life without the possibility of parole, the defendant's voluntary absence after the trial has been commenced in such person's presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes."

"Therefore, a sentence imposed outside the presence of the defendant is void unless the defendant has waived this right." *State v. Arrocha*, 42 Kan. App. 2d 796, 798, 217 P.3d 467 (2009); see *State v. Hall*, 298 Kan. 978, 987-88, 319 P.3d 506 (2014) ("[A]ny completion of sentencing must take place in the defendant's presence in open court.").

The language in K.S.A. 2014 Supp. 22-3405(a) is similar to federal caselaw which also provides that a defendant's voluntary absence after the trial has commenced shall not prevent the trial from continuing. See *United States v. Wright,* 932 F.2d 868, 879 (10th Cir. 1991); *State v. Hartfield*, 9 Kan. App. 2d 156, 160-61, 676 P.2d 141 (1984). Additionally, the Kansas Supreme Court has found the "constitutional and Kansas statutory requirements regarding a defendant's right to be present at any critical stage of a criminal proceeding are 'analytically and functionally identical.' *State v. Engelhardt*, 280 Kan. 113, 122, 119 P.3d 1148 (2005)." *Hilson v. State*, No. 99,421, 2009 WL 311819, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 289 Kan. 1278 (2009). In order for the proceedings to continue in the defendant's absence, the defendant's waiver must be knowing and voluntarily. See *Schriro v. Landrigan,* 550 U.S. 465, 484, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) ("It is well established that a citizen's waiver of a constitutional right must be knowing, intelligent, and voluntary."); *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (holding that waiver of constitutional rights may not be presumed where record does not show waiver); *United States v. Berger,* 473 F.3d 1080, 1095 (9th Cir. 2007) (applying knowing, intelligent, and voluntary waiver

4

requirement to right to be present at trial); *United States v. Nichols,* 56 F.3d 403, 413 (2d Cir. 1995) (same).

"But what does this mean the judge must actually do? With similar constitutional rights at stake, Kansas courts have required that the judge make sure that the right at issue has been clearly explained to the defendant and that the defendant, with sufficient understanding of the right, has voluntarily waived it. *E.g., State v. Frye,* 294 Kan. 364, Syl. [¶] 3, 277 P.3d 1091 (2012) (right to jury trial); *State v. Youngblood,* 288 Kan. 659, 664-65, 206 P.3d 518 (2009) (right to counsel). We have also emphasized in cases involving the jury-trial right that it is generally the trial judge's obligation to explain the right to the defendant. *E.g., State v. Bowers,* 42 Kan. App. 2d 739, 741, 216 P.3d 715 (2009) (citing *State v. Irving,* 216 Kan. 588, 590, 533 P.2d 1225 [1975]); *State v. Larraco,* 32 Kan. App. 2d 996, Syl. ¶ 1, 93 P.3d 725 (2004).
"Ordinarily, then, the trial judge should do two things before the defendant can properly waive such a right. First, the judge should clearly explain the right to the defendant. Second, the judge should determine whether the defendant understands the right and is voluntarily waiving it." *State v. Rucker*, 49 Kan. App. 2d 414, 416-17, 310 P.3d 422 (2013).

In addition to voluntarily waiving his rights, a defendant's right to be present may be involuntarily waived due to unruly conduct at the proceeding.

"Although mindful that courts must indulge every reasonable presumption against the loss of constitutional rights, *Johnson v. Zerbst,* 304 U.S. 458, 464[, 58 S. Ct. 1019, 82 L. Ed. 1461] (1938), we explicitly hold today that a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois v. Allen,* 397 U.S. 337, 343, 90 S. Ct. 1057, 25 L. Ed. 2d 353, *reh. denied* 398 U.S. 915 (1970).

See *Hartfield*, 9 Kan. App. 2d at 161.

Dotson did not voluntarily or involuntarily waive his right to be present at sentencing. There was no voluntary waiver on the record. The district court judge did not personally and directly explain to Dotson his right to be present at sentencing. When Dotson stabbed himself, it was the first time during the entire proceeding he had acted out in court. He had not been previously warned about disruptive behavior. There is nothing in the record that reflects Dotson had been advised of his rights or that he was even aware of them. There was testimony in the record regarding Dotson's PTSD and depression-related diagnosis. The record does not reflect the district court judge considered Dotson's medical issues and how that caused him, without warning, to stab himself in the neck. Once Dotson was removed from the courtroom, the district court reconvened the sentencing hearing and denied his attorney's multiple requests for continuance. Dotson was sentenced in absentia without the benefit of allocution or the right to testify in support of his motion to dispositionally and durationally depart. Dotson's action of stabbing himself may have been a voluntary act, but he never voluntarily and knowingly waived his right to be present and participate in his sentencing hearing.

"[A] trial court's decision to proceed with the trial against a defendant *in absentia* is clearly within the trial court's discretion, and should be reversed by this Court only if an abuse thereof is found." *United States v. Edmonson*, 962 F.2d 1535, 1544 (10th Cir. 1992). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

The district court's denial of Dotson's defense counsel's multiple motions for a continuance was based on an error of law, *i.e.*, that Dotson voluntarily absented himself with knowledge of the consequences. Because its decision was based on an error of law, the district court abused its discretion when it denied Dotson's defense counsel's motions for continuance on both sentencing and on his departure motion. Dotson has a constitutional and statutory right to be present at his sentencing hearing unless the right is

6

voluntarily and knowingly waived. Dotson never waived his right to be present directly or indirectly, and the district court erred in proceeding with his sentencing in absentia.

Sentence vacated and remanded for a new sentencing hearing.