No. 47,532

State of Kansas, *Appellee, v.* Theodore Leonard Irving, II, *Appellant.*

(533 P. 2d 1225)

Opinion filed April 5, 1975.

*Robert W. Hedrick,* of Kansas City, Kansas, argued the cause and was on the brief for the appellant.

*Nick A. Tomasic,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Warren McCamish,* assistant district attorney, were with him on the brief for the appellees.

The opinion of the court was delivered by

Owsley, J.: Defendant, Theodore Leonard Irving, II, appeals from a criminal conviction of promoting prostitution, a class A misdemeanor (K. S. A. 21-3513), punishable by a term of confinement in the county jail not to exceed one year and a fine not exceeding $2,500.

After being tried and found guilty in the Wyandotte County magistrate court, defendant appealed to the district court. Prior to trial defendant appeared before the court with his counsel to present his motion to quash a search warrant. At that time the court stated that defendant had waived his right to a jury trial by not demanding the same within forty-eight hours of the appeal. Accordingly, defendant was tried by the court and found guilty as charged. Immediately thereafter, defendant Irving filed a motion for a new trial and a motion to set aside the verdict, both of which were denied. A renewed motion for a new trial and judgment of acquittal, based upon the allegation of newly discovered evidence, were likewise denied.

Although defendant raises several points on appeal, we need only concern ourselves with his final claim of error. Defendant contends he was denied the right to a jury trial. He attacks the trial court's statement that he had waived that right by not bringing

an appeal within forty-eight hours. The state claims defendant's actions indicated an implied waiver of his right to a jury trial.

The right of a criminal defendant to be tried by a jury of his peers, rather than by the court alone, is "fundamental to the American scheme of justice." (*Duncan v. Louisiana,* 391 U. S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444.) In *Duncan,* the court held that the Sixth Amendment, as applied to the states through the Fourteenth, requires that defendants accused of serious crimes be afforded the right to trial by jury, and the right was said to be applicable to any offense where imprisonment for more than six months is authorized.

In addition, Section 5 of the Kansas Bill of Rights provides "The right of trial by jury shall be inviolate." Further expression of this right can be found in K. S. A. 22-3403 (1) and 22-3404 (1), which provide for the method of trial in felony and misdemeanor cases, respectively.

Despite the fundamental nature of the right to a jury trial, it is agreed these constitutional and statutory provisions extend a privilege of the accused which may be waived. (*Patton v. United States,* 281 U. S. 276, 74 L. Ed. 854, 50 S. Ct. 253; *United States v. Taylor,* 498 F. 2d 390 [6th Cir. 1974]; *State v. Christensen,* 166 Kan. 152, 199 P. 2d 475.) Since the right to trial by jury is constitutionally preserved, waiver of the right should be strictly construed to afford a defendant every possible opportunity to receive a fair and impartial trial by jury. It is provided by statute in this state that a jury trial may be waived in any criminal trial where the defendant, the state, and the trial court assent to such waiver. (K. S. A. 22-3403 [1], 22-3404 [1].) We have stated the test for determining the validity of a waiver of the right to a jury trial is whether the waiver was voluntarily made by a defendant who knew and understood what he was doing. (*State v. Blanton,* 203 Kan. 81, 453 P. 2d 30.) Whether this test is satisfied in any given case will depend on the particular facts and circumstances of that case, but a waiver of the right to a jury trial will not be presumed from a silent record. (*Boykin v. Alabama,* 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709; *United States v. Taylor,* supra; *People v. Jaworski,* 387 Mich. 21, 194 N. W. 2d 868.)

The American Bar Association Standards for Criminal Justice, Trial by Jury, Section 1.2 (b), recommends the following:

"The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record." (p. 7.)

We adhere to the foregoing procedure for accepting the waiver of a criminal defendant of his constitutional and statutory right to trial by jury. We view the adoption of this standard as an additional safeguard against a defendant's involuntary waiver of his right. It will minimize the uncertainty otherwise attendant to the determination of whether the defendant knowingly and intelligently waives a jury trial. This procedure has received support in numerous federal and state decisions. (See *Kindle v. State*, 313 N. E. 2d 721 [Ind. App. 1974]; *Estrada v. United States*, 457 F. 2d 255 [7th Cir. 1972]; *Hatcher v. United States*, 352 F. 2d 364 [D. C. App. 1965], cert. den. 382 U. S. 1030, 15 L. Ed. 2d 542, 86 S. Ct. 654; *United States v. Hunt*, 413 F. 2d 983 [4th Cir. 1969].)

In accord with this position we hold that in order for a criminal defendant to effectively waive his right to a trial by jury, the defendant must first be advised by the court of his right to a jury trial, and he must personally waive this right in writing or in open court for the record.

Considering the instant case in light of these principles we agree with defendant that he was denied the right to a jury trial. The record discloses the only mention of defendant's right to a jury trial took place during the hearing on the motion to quash, at which time counsel for defendant stated he was not sure whether defendant would want a jury trial. In reply, the court said defendant had waived his right to a trial by jury by not demanding it within forty-eight hours of the appeal. Both parties now concede the trial court mistakenly relied upon K. S. A. 22-3404 (2), which provides for the trial of misdemeanor cases in a state court other than the district court. In the absence of an effective waiver, defendant was entitled to a trial by jury and the case is therefore remanded to the district court for a new trial. Other claims of error need not be considered in view of this result.

Reversed with directions to grant a new trial.

FROMME, J., not participating.