(216 P.3d 715)

No. 100,805

STATE OF KANSAS, *Appellee*, v. ALBERT L. BOWERS; III, *Appellant*.

Opinion filed September 25, 2009.

*Lydia Krebs*, of Kansas Appellate Defender Office, for the appellant.

No appearance for the appellee.

Before MCANANY, P.J., PIERRON and LEBEN, JJ.

PIERRON, J.: Albert L. Bowers, III, appeals from his convictions following a bench trial of felony driving under the influence of alcohol or drugs, and other traffic-related charges. Bowers alleges the district court erred in conducting the trial without first advising him of his right to a jury trial.

Bowers was charged with one count each of driving under the influence of alcohol or drugs (fourth or subsequent conviction) (DUI), driving in excess of the posted speed limit, transporting an open container, failing to produce a driver's license, driving in violation of his driving restrictions, and failing to maintain insurance.

During a status hearing, Bowers' counsel stated, "Judge, we're goin' to ask the court for a trial." When asked whether he was referring to a jury or bench trial, counsel responded, "[T]rial to the court, Judge." The district court made no further comments other than to set a trial date.

Following a bench trial, Bowers was convicted of all charges with the exception of transporting an open container. The district court sentenced Bowers to 12 months in jail and imposed a $2,500 fine for the DUI conviction. The court also imposed a fine for speeding, 30-day jail sentences for failure to produce a driver's license and driving in violation of restrictions, and a 6-month jail sentence and $300 fine for failing to maintain insurance. The court ordered the sentences to run consecutively.

Bowers appeals.

We note that the State moved for summary disposition without briefing under Supreme Court Rule 7.041 (2008 Kan. Ct. R. Annot. 55). The motion was denied because Bowers had already filed his brief, but this court found that the State's motion would serve as notice that it would not file an appellee's brief. The State's motion cited what it claimed to be controlling authority and seems to indicate the State concurs with Bowers' argument.

Bowers did not raise the issue of a jury trial waiver to the district court. Generally, even constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Gaudina*, 284 Kan. 354, 372, 160 P.3d 843 (2007). There are, however, exceptions to this general rule, including: (1) when the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld despite its reliance on the wrong ground or reason. *State v. Hawkins*, 285 Kan. 842, 845, 176 P.3d 174 (2008).

This court has noted "[t]here is no more fundamental right in the United States than the right to a jury trial." *State v. Larraco*, 32 Kan. App. 2d 996, 999, 93 P.3d 725 (2004). There can be little doubt, therefore, that the consideration of the denial of a right to a jury trial is necessary to prevent the denial of a fundamental right.

A criminal defendant's right to a jury trial is guaranteed by constitution and statute. U.S. Const. Amend. VI; Kan. Const. Bill of Rights §§ 5, 10. K.S.A. 22-3403(1) requires all felony cases be tried

to a jury unless the defendant and prosecuting attorney, with the consent of the court, submit the matter to a bench trial.

The right to a jury trial may be waived if it is done so voluntarily and knowingly. *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975). "Whether this test is satisfied in any given case will depend on the particular facts and circumstances of that case, but a waiver of the right to a jury trial will not be presumed from a silent record. [Citations omitted.]" 216 Kan. at 589. Rather, a court may not accept a waiver unless the defendant, after being advised *by the court* of his or her right to a jury trial, personally waives that right, either in writing or in open court on the record. 216 Kan. at 590.

Bowers' attorney's request for a bench trial cannot serve as a valid waiver of Bowers' right to a jury trial. Defense counsel can only waive the rights of a defendant if those rights are not inherently personal, fundamental rights. An attorney may not waive a defendant's constitutional rights unless the record establishes the attorney has discussed the matter with the defendant and the defendant has voluntarily waived those rights. *Larraco*, 32 Kan. App. 2d at 1001. Further, the advisement regarding a jury trial must come from the court and not from counsel.

The district court failed to advise Bowers of his right to a jury trial or to even raise the option. There was no discussion between Bowers and the court regarding the jury trial right he was waiving by proceeding to a bench trial. In fact, Bowers did not speak a word during the status hearing. There is nothing in the record to indicate he was aware of his right to a jury trial or had voluntarily and knowingly waived it.

Kansas courts have not been reticent to remand for a new trial when no formal waiver of the right to jury trial was given. See *e.g.*, *Irving*, 216 Kan. at 590; *Larraco*, 32 Kan. App. 2d at 1002; *State v. Jones*, 19 Kan. App. 2d 982, 984, 879 P.2d 1141 (1994).

We reverse Bowers' convictions on all charges and remand all charges for a new trial.

Reversed and remanded with directions.