(313 P.3d 94)
No. 108,809

STATE OF KANSAS, *Appellee*, v. SHANE RAIKES, *Appellant*.

Opinion filed November 22, 2013.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Jose V. Guerra*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., MCANANY and STANDRIDGE, JJ.

MCANANY, J.: Shane Raikes was convicted in a bench trial of possession or control of a hallucinogenic drug after he failed to complete the drug court diversion program. He appeals, claiming he was denied his right to a jury trial. Because of the clear imperative announced in our Supreme Court's decision in *State v. Irving*, 216 Kan. 588, 533 P.2d 1225 (1975), we conclude that Raikes' written waiver of his right to a jury trial in his diversion agreement was insufficient in and of itself to support a waiver of his constitutional right to trial by jury. We recognize that the consequence of this determination is significantly attenuated by the fact that any trial on Raikes' drug charge will be limited to the stipulated facts set forth in the diversion agreement, facts which would inexorably lead any rational factfinder, be it court or jury, to find Raikes guilty. Nevertheless, we are compelled by the holding in *Irving* to reverse and remand for a new trial.

Raikes was charged with possession or control of a hallucinogenic drug with a prior conviction, driving under the influence (DUI), possession or control of depressants, transporting an open container, and failing to properly illuminate the rear registration plate on his vehicle.

Raikes made a deal with the State. In exchange for him pleading no contest to the DUI charge and agreeing to enter the district court's drug court program on the charge of possession or control of a hallucinogenic drug, the State agreed to dismiss the remaining charges. In advance of his plea hearing, Raikes and the State entered into a formal written plea agreement covering all of Raikes' pending charges. The title of the agreement was "APPLICATION TO MODIFY PLEA TO NO CONTEST AND ADVICE OF RIGHTS IN REGARDS THERETO (DUI)." In it Raikes acknowledged:

"I understand and have been advised by the Court that *by entering pleas pursuant to this plea agreement* I make admissions and surrender and waive the legal rights below that I would be otherwise able to exercise if I choose to go to trial:

. . . .

"c. I have a right to a trial where my guilt or innocence on all of the criminal charges against me would be determined by a jury, or if I choose to waive a jury, by a trial judge." (Emphasis added.)

Before accepting Raikes' plea to the DUI charge, the district court informed Raikes he was waiving important constitutional rights, including his right to a jury trial. The court warned Raikes that all of these rights would be waived by entering his no contest plea to the DUI charge pursuant to the plea agreement. Raikes indicated that he understood the decision he was making and the rights he was waiving. Raikes pled no contest to the DUI charge, and the court accepted his plea and found him guilty. It is important to note that this was the only plea Raikes entered that day. In fact, this was the only plea Raikes entered in the entire history of the case.

After Raikes entered his plea to the DUI charge, the district court once again told Raikes that, pursuant to the plea, he was required to participate in the drug court program. The court informed Raikes that if he completed the program successfully, then the remaining charge of one count of possession or control of a hallucinogenic drug would be dismissed. But if Raikes did not complete the program successfully, "then that count [would] be brought back on the criminal docket and [would] be set for trial." There was no discussion about whether the trial would be a bench trial or trial by jury.

About 3 months later, Raikes entered into a diversion agreement with the State entitled "DRUG COURT CONTRACT AND AGREEMENT FOR PRETRIAL DIVERSION." In it the parties agreed that if Raikes successfully completed the drug court program, which would take a minimum of 12 months, his remaining drug charge would be dismissed. If Raikes failed to complete the drug court program, the diversion agreement provided: "I realize that if I am discharged from the PROGRAM there will be no other proceedings except for a trial to the court on stipulated facts . . . ." The stipulated facts would be "based solely upon the affidavit, any law enforcement reports, and any corresponding KBI Laboratory Report(s)." A document containing the stipulated facts was attached to the agreement. The stipulation reiterated the understanding that if Raikes failed to successfully complete the program, "the criminal case will be docketed for a Bench Trial."

Raikes failed to successfully complete the drug court program, so the State proceeded against Raikes on the remaining drug charge. At the commencement of the bench trial, Raikes did not object to being deprived of a jury trial. He conceded that he did not successfully complete the drug court program. But he objected to the admission of the drug court contract and to proceeding with the bench trial based on the incorrect assertion that the drug court judge had not signed the drug court contract. When confronted with the fully executed contract, Raikes' counsel withdrew his objection. Raikes' counsel presented no closing argument, but the court permitted Raikes to make his own argument, which was essentially a plea to be left alone to self-medicate with drugs which the government unwisely considers to be illegal.

Based on the stipulated facts, the district court found Raikes guilty of possession or control of a hallucinogenic drug with a prior conviction in violation of K.S.A. 65-4162(a)(3). Before sentencing, Raikes moved the court to declare the diversion contract void and to dismiss for lack of jurisdiction because the diversion agreement required him to plead no contest to the DUI in violation of K.S.A. 22-2910. The district court denied Raikes' motion and sentenced him to 12 months' probation with an underlying prison sentence of 13 months. Raikes appeals his conviction.

For his only issue, and for the first time on appeal, Raikes argues that he did not waive his right to a jury trial on the drug charge because he was never personally advised by the court of his right to a jury trial, and he did not waive his right in open court or in writing.

Generally, issues not raised before the district court, even constitutional issues, are not properly before us for review. *State v. Coman*, 294 Kan. 84, 89, 273 P.3d 701 (2012). But we have in the past heard arguments raised for the first time on appeal in order to prevent the denial of fundamental rights, including the claim that the defendant did not waive the right to a jury trial. *State v. Frye*, 294 Kan. 364, 370-71, 277 P.3d 1091 (2012); *State v. Bowers*, 42 Kan. App. 2d 739, 740, 216 P.3d 715 (2009). Thus, we will consider Raikes' argument.

When the facts are undisputed, whether a defendant knowingly and voluntarily waived his or her right to a jury trial is a question of law over which we exercise unlimited review. *State v. Duncan*, 291 Kan. 467, 470, 243 P.3d 338 (2010).

A criminal defendant's right to a jury trial is guaranteed by constitution and by statute. See U.S. Const. Amend. VI; Kan. Const. Bill of Rights, §§ 5, 10. "There is no more fundamental right in the United States than the right to a jury trial." *State v. Larraco*, 32 Kan. App. 2d 996, 999, 93 P.3d 725 (2004). The constitutional right is codified in K.S.A. 22-3403(1), which requires that all felony cases be tried to a jury unless the defendant and prosecuting attorney, with the consent of the court, submit the matter to a bench trial. Raikes' conviction was for a felony.

The right to a jury trial may be waived if done so voluntarily and knowingly. The waiver of the right to a jury trial should be strictly construed in favor of providing a defendant the opportunity for a jury trial. Determining whether this test has been met will depend on the particular facts and circumstances of the case. A court will not accept a jury trial waiver unless the defendant, after being advised *by the court* of his or her right to a jury trial, personally waives that right, either in writing or in open court. *Irving*, 216 Kan. at 589-90.

Raikes complains that he was advised of his right to a jury trial only with respect to his DUI charge, not for his prosecution for possession or control of a hallucinogenic drug. Thus, he was not personally informed by the court of his right to a jury trial on the drug charge should he fail to complete the diversion program. He argues that this lack of advice from the court violated the ruling in *Irving*.

Raikes' plea agreement addressed all of his pending charges, including the drug charge for which he later entered the drug court diversion program. When questioned about this agreement at the plea hearing on the DUI charge, Raikes acknowledged that he signed the agreement; that no one had made any promises to him other than as set forth in the plea agreement; that he had an opportunity to review the agreement with his counsel; and that no one threatened or coerced him into signing it. In reference to the

rights waived pursuant to the agreement, the court asked, "About some of the constitutional rights that you're going to be giving up. Do you realize you have a constitutional right to a jury trial?" Raikes responded, "Yes, Your Honor."

The waiver of rights the court referred to were those identified in the plea agreement. While the agreement referred to the ultimate dismissal of some charges and Raikes' referral to drug court on the drug charge, the rights waived in the written agreement related only to his DUI charge. That is clear from the very title of the document, "APPLICATION TO MODIFY PLEA TO NO CONTEST AND ADVICE OF RIGHTS IN REGARDS THERETO (DUI)." The waiver in the agreement provided: "I understand and have been advised by the Court that *by entering pleas pursuant to this plea agreement* I make admissions and surrender and waive the legal rights below that I would be otherwise able to exercise if I choose to go to trial . . . ." (Emphasis added.) The only plea entered at the plea hearing was Raikes' no contest plea to the DUI charge. In fact, there was never a hearing at which Raikes entered a plea to the drug charge. The State deferred prosecution on that charge while Raikes participated in the drug court program.

Under Raikes' drug court contract, entered into 3 months later, the parties agreed that the drug charge would be dismissed with prejudice upon his successful completion of the program. The agreement provided that if Raikes did not successfully complete the program, "there will be no other proceedings except for a trial to the court on stipulated facts."

There was never a hearing at which the court informed Raikes that he had the right to a jury trial on the drug charge. The hearing at which Raikes pled no contest to the DUI charge was his one and only plea hearing. When Raikes failed to successfully complete the drug court program, the State resumed its prosecution of that charge and the case was set for a bench trial.

While issues of waiver of trial rights often arise in the context of a defendant entering a plea, that is not always the case. In *Irving*, the defendant, who was found guilty by the magistrate judge, appealed to the district court for a trial de novo. The district court

determined that the trial would be a bench trial because the defendant had not demanded a jury trial within 48 hours of the appeal. On appeal, the court declared that while the constitutional right to a jury trial could be waived, any waiver should be strictly construed to afford the defendant every possible opportunity for a jury trial. Such a waiver will not be presumed from a silent record. 216 Kan. at 589. Adopting the American Bar Association Standards for Criminal Justice, Trial by Jury, Section 1.2(b) the court ruled: " 'The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.' " 216 Kan. at 589-90.

Raikes had a constitutional and statutory right to trial by jury on his felony drug charge. The district court could not peremptorily bypass that right by setting the matter for a bench trial, like the district court did in *Irving*, without making a determination that Raikes had waived that right. The court questioned Raikes about the waiver of his rights contained in the written plea agreement. But that waiver on its face only addressed the DUI charge, the only charge for which Raikes ever entered a plea.

The court could not presume from Raikes' silence at the bench trial that he was waiving his jury trial right because, as stated in *Irving*, "a waiver of the right to a jury trial will not be presumed from a silent record." 216 Kan. at 589. Just as we cannot make such a presumption, neither can the district court from Raikes' silence. Under the rule announced in *Irving*, the waiver of Raikes' right to a jury trial in the drug court contract had to be accompanied by an admonition by the judge about the right he was waiving. As noted by the court in *Irving*, such a practice is "an additional safeguard against a defendant's involuntary waiver of his right. It will minimize the uncertainty otherwise attendant to the determination of whether the defendant knowingly and intelligently waives a jury trial." 216 Kan. at 590.

In *In re Habeas Corpus Application of Tolle*, 18 Kan. App. 2d 491, 496-97, 856 P.2d 944, *rev. denied* 253 Kan. 858 (1993), the court determined that in a case in which the defendant failed to complete the diversion program and the diversion agreement pro-

vided for trial only on stipulated facts in such an event, the district court was not required to conduct a hearing on whether the defendant had knowingly and voluntarily waived the right to present evidence at trial. The court stated: " 'We know of no case or statute holding that a trial court must interrogate and advise a defendant, who is represented by counsel, before accepting and approving stipulations as to the evidence, and we are not prepared to initiate such a requirement.' [Citation omitted.]" 18 Kan. App. 2d at 495. Such is not the case now before us. The issue here is not the defendant's right to present evidence at trial. We have clear, longstanding pronouncements from our Supreme Court recognizing the fundamental right to trial by jury and what steps must be taken for the court to be satisfied that a defendant's apparent waiver is not inadvertent but rather is knowingly and voluntarily made.

The dissent accuses us of hair splitting. We consider any hair splitting as merely strict adherence to the rule in *Irving*. The issue could easily be avoided at the district court by informing the defendant at the plea hearing that on both the charge being pled to today and on the charge being diverted for a later disposition, the defendant has the constitutional right to trial by jury and that by entering into a diversion agreement on the charge for which the defendant is not entering a plea today, the defendant will be waiving the constitutional right to trial by jury if that charge is not later dismissed.

Viewed not in hindsight, it looked like Raikes was getting a pretty good deal. If he could complete the drug court program, he would walk away with only a DUI conviction. We might speculate that Raikes probably would have taken the deal notwithstanding his waiver of his jury trial rights in the event that he failed to complete the drug court program. After all, the stipulated evidence would seem to lead to an inevitable conviction by any rational factfinder. But under *Irving*, we cannot engage in such speculation. We are bound to follow *Irving*. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012).

Reversed and remanded.

* * *

MALONE, C.J., dissenting: I respectfully dissent. The record reflects that the district court personally advised Shane Raikes of his right to a jury trial and Raikes waived that right in open court. Raikes initially was charged with five counts, including possession or control of a hallucinogenic drug (drug charge) and driving under the influence of alcohol (DUI). The charges all stemmed from events occurring on June 1, 2009. Ultimately, the parties reached a written plea agreement disposing of the case. In exchange for Raikes pleading no contest to the DUI charge and agreeing to enter the drug court program on the drug charge, the State agreed to dismiss the remaining counts. Although the title of the written plea agreement referred only to the DUI charge, it was clear that the agreement covered all pending charges. The written plea agreement, signed by Raikes, included a waiver of his right to a jury trial.

At a hearing on December 16, 2010, the parties announced the plea agreement to the court. The judge informed Raikes of the constitutional rights he was waiving by entering into the plea agreement, including his right to a jury trial. Raikes acknowledged to the court his understanding that he was waiving his constitutional right to a jury trial. At the conclusion of the hearing, the district court accepted the no contest plea, found Raikes guilty of DUI, ordered him to appear in drug court on the drug charge, and dismissed the remaining counts against him.

Raikes later signed a separate drug court contract which also included a waiver of his right to a jury trial and a stipulation of facts in the event that Raikes violated the terms of the contract. Raikes failed to successfully complete the drug court program, and the district court found him guilty of the drug charge after a bench trial on stipulated facts.

*State v. Irving*, 216 Kan. 588, 589-90, 533 P.2d 1225 (1975), holds that a court will not accept a jury trial waiver unless the defendant, after being advised by the court of his or her right to a jury trial, personally waives that right, either in writing or in open court. Here, as part of his plea agreement which covered all pending charges, the district court advised Raikes of his constitutional

right to a jury trial, and Raikes personally waived that right in open court. I believe that the majority is splitting hairs by concluding that Raikes' jury trial waiver only applied to the DUI charge and not to the drug charge.

In my opinion, the jury trial waiver was effective as to all pending charges. Thus, the requirements of *Irving* were satisfied in this case. As it stands, we are remanding this case to the district court to hold a jury trial on stipulated facts, a result that the majority acknowledges would seem to lead to an inevitable conviction by any rational factfinder.