NOT DESIGNATED FOR PUBLICATION

No. 115,005

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JALONDA S. GREEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed February 17, 2017. Affirmed.

*Catherine A. Zigtema*, of Zigtema Law Office LC, of Shawnee, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

*Per Curiam*:  Jalonda S. Green was convicted of battery at a bench trial in September 2015. On appeal, she argues that she was deprived of her constitutional right to a jury trial under both the Kansas Constitution and the United States Constitution. She further argues that she was also deprived of her Kansas statutory right to a jury trial.

Based on our review of the record and well-settled caselaw, we find that Green did not have a constitutional right to a jury trial and she never requested a jury trial pursuant to Kansas statutes. The judgments of conviction and sentence are, therefore, affirmed.

1

*Factual and Procedural Background*

The State charged Green with battery based on allegations from D.T.M., one of Green's foster daughters, that Green had spanked her with a leather belt.

Green attended a scheduling hearing on May 13, 2015, where her attorney requested a bench trial: "This is a misdemeanor matter, and I discussed with my client her right to have a trial by jury. Based on our assessment of the evidence, my client is comfortable with proceeding with a bench trial to the Court."

Green attended the next scheduling hearing on July 2, 2015, and her attorney asked for a continuance but repeated the request for a bench trial: "I'm certain a bench trial setting as opposed to a jury trial will be fine."

Green attended a final scheduling hearing on July 31, 2015, and her attorney told the district court that Green wanted a bench trial. The district court asked, "You've already waived jury trial?" Green's attorney said, "We have. We have."

Before beginning the bench trial on September 21, 2015, the district court asked Green's attorney about a jury trial: "She has waived her right to a jury trial; is that correct?" Green's attorney said yes. The district court then asked Green if she agreed, and Green also said yes.

The bench trial included testimony from D.T.M., D.T.M.'s aunt, a nurse who examined D.T.M.'s injuries, the person who interviewed D.T.M. about what had happened, a police officer, Green, and Green's husband. Stated generally, the evidence showed that Green had used a leather belt to spank D.T.M. hard enough to cause bruising and to make it difficult for D.T.M. to sit down.

The district court found Green guilty of battery and placed her on probation for 12 months with an underlying sentence of 6 months in jail.

Green now appeals to this court.

*Scope of Review*

For the first time on appeal, Green argues she was deprived of her constitutional and statutory right to a jury trial.

Generally, we don't consider issues that are raised for the first time on appeal. There are some exceptions to this rule, and an appellate court may consider an issue raised for the first time on appeal when necessary to serve the ends of justice or to prevent the denial of fundamental rights. *State v. Phillips,* 299 Kan. 479, 493, 325 P.3d 1095 (2014). As noted in *State v. Edwards,* 48 Kan. App. 2d 264, 267-68, 288 P.3d 494 (2012), fundamental rights include those clearly enumerated in the United States Constitution Bill of Rights. The right to jury trial appears in both the Sixth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights and is thus a "fundamental right." *State v. Beaman,* 295 Kan. 853, 858, 286 P.3d 876 (2012); *State v. Bowers,* 42 Kan. App. 2d 739, 740, 216 P.3d 715 (2009).

We will, therefore, consider Green's claim that she was denied a fundamental right to a jury trial even though she didn't raise the issue below. This is a question of law over which we exercise unlimited review. *Beaman*, 295 Kan. at 857-58; *State v. Frye,* 294 Kan. 364, 370, 277 P.3d 1091 (2012).

*Constitutional Right*

In *State v. Carr*, 300 Kan. 1, Syl. ¶ 1, 331 P.3d 544 (2014), *rev'd and remanded on other grounds* 577 U.S.___, 136 S. Ct 633, 193 L. Ed. 2d 535 (2016), the Kansas Supreme Court, referring to jury trial rights, unequivocally stated: "We have analyzed the state constitutional provision in the same way as the federal constitutional provision." *State v. Lawson,* 296 Kan. 1084, 1091, 297 P.3d 1164 (2013), noting that Kansas generally interprets its constitutional provisions identically with their federal counterparts.

The constitutional right to a jury trial doesn't apply in every criminal case—the right depends on what type of offense the defendant has been charged with and whether that offense is serious or petty. In *State v. Woolverton,* 52 Kan. App. 2d 700, 701-03, 371 P. 3d 941, *petition for rev. filed* May 31, 2016, a panel of this court analyzed several pertinent United States Supreme Court cases in reaching its holding that the constitutional right to a jury trial applies only to "serious" offenses and not to "petty" offenses. The most important factor is the length of imprisonment—if it is 6 months or less the offense is presumed to be petty. 52 Kan. App. 2d at 702. Compare *State v. Shannon,* 258 Kan. 425, 435-36, 905 P.2d 649 (1995) (our Supreme Court held that "[a] defendant has the right to a jury trial where . . . the sentence imposed . . . exceeds six months."). The *Woolverton* court noted that the legislature might specify additional statutory penalties to an otherwise petty offense indicating an intention to treat the offense as a serious crime, in which event the presumption might be rebutted. However, it was also noted that the United States Supreme Court has never found that an offense punishable by no more than 6 months in jail is a serious offense, despite other additional penalties. 52 Kan. App. 2d at 702-03.

Here, Green was charged with battery, a class B person misdemeanor. K.S.A. 2015 Supp. 21-5413(a)(1) and (g)(1). The maximum punishment for that offense is 6

months in jail. K.S.A. 2015 Supp. 21-6602(a)(2). Although the trial court could also impose a fine up to $1,000 and/or impose up to 2 years of probation in lieu of the jail sentence, these additional or alternative punishments do not convert battery to a serious crime. K.S.A. 2015 Supp. 21-6611(b)(2); see *Woolverton*, 52 Kan. App. 2d at 702-04.

In fact, Green doesn't argue that battery is not a petty offense. Instead, she focuses her appeal on her argument that the right to a jury trial under the Kansas Constitution is broader than the federal jury trial right. It is her position that the serious/petty analysis, which is adopted from federal caselaw, does not apply to limit her rights under the Kansas Constitution. While the Kansas courts are free to construe the Kansas Constitution independently from the federal Constitution, this has traditionally not been done. See *Lawson*, 296 Kan. at 1090-91. In *Carr,* the Kansas Supreme Court specifically and unequivocally noted that Kansas has not previously analyzed its state constitutional provision granting jury trial rights differently than the federal provisions. 300 Kan. at 56; *Woolverton,* 52 Kan. App. 2d at 701. Despite Green's arguments, we are duty bound to follow Kansas Supreme Court precedent where there is no indication that the Supreme Court is departing from its previous position. *State v. Meyer,* 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

We thus conclude that Green did not have a constitutional right to a jury trial because she was charged and convicted of a petty offense punishable by no more than 6 months in jail.

*Statutory Right*

Green also argues that her statutory right to a jury trial was violated. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 22-3404(1) provides: "The trial of misdemeanor cases shall be to the court unless a jury trial is requested in writing by the defendant not later than seven days after first notice of trial assignment is given . . . ." In other words, the right granted by statute is limited by the requirement that the defendant request it in the time allowed. In this case, Green never requested a jury trial, so she didn't have a statutory jury-trial right. However, Green argues that her failure to request a jury trial should be excused because no one told her that she had that statutory right, so she never properly waived it. First of all, the record contradicts this assertion and clearly indicates that Green did in fact discuss the right to a jury trial with her attorney and in fact agreed with her attorney's representations to the trial court that she waived a jury trial.

In support of her claim that she never properly waived a jury trial, Green relies on *State v. Irving,* 216 Kan. 588, 589-90, 533 P.2d 1225 (1975). In that case, the defendant did have a *constitutional* right to jury trial because he was charged with a more serious offense with a maximum possible sentence of 12 months in jail. A defendant must be advised by the court of his or her constitutional right to a jury trial before that right can be waived. See *State v. Lewis,* 301 Kan. 349, 376-77, 344 P.3d 928 (2015).

The case before us is not actually a case of waiver but, rather, a case of failure to invoke the statutory right. Green's argument overlooks the inescapably plain language of K.S.A. 22-3404(1) which states straightforwardly that a misdemeanor defendant gets a jury trial if he or she makes a timely written application. We have already determined Green did not have a constitutional right to a jury trial. Since she made no timely written request for a jury trial, we find no violation of her statutory right. See *Woolverton*, 52 Kan. App. 2d at 706-07.

Green's conviction and sentence are affirmed.