NOT DESIGNATED FOR PUBLICATION

No. 123,764

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAY JAMES MARSHALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed September 2, 2022. Reversed and remanded with directions.

*Catherine Decena Triplett*, of Triplett Law Firm, LLC, of Shawnee, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM: Ray James Marshall was convicted of sexual battery, a class A misdemeanor, and intimidation of a witness, a class B misdemeanor, following a bench trial. Marshall appeals, arguing his waiver of the right to a jury trial was not knowing and voluntary.

Following a review of the record, we find the district court did not adequately apprise Marshall of his right to a trial by jury. We reverse and remand for the district court to properly inform Marshall of his right and allow Marshall to decide whether to exercise his right or waive it.

1

Marshall was charged with one count of sexual battery, a class A misdemeanor, and one count of intimidation of a witness, a class B misdemeanor, relating to an incident at his house with his coworker on August 26, 2018. The class A misdemeanor sexual battery charge subjected Marshall to a potential penalty of up to 12 months in jail. See K.S.A. 2018 Supp. 21-5505(c)(1) (sexual battery); K.S.A. 2018 Supp. 21-6602 (classification of misdemeanor crimes).

Marshall's original defense counsel requested a jury trial. Later, at a scheduling conference, his substitute counsel informed the district court that Marshall wanted a bench trial. The district court noted the earlier request for jury trial and asked Marshall if he wished to waive his right to a jury trial. Marshall said he did.

The district court held a bench trial. Before the trial, at the request of the State, the district court again asked Marshall if he still desired to waive his right to a jury trial. Marshall said yes. At the end of the trial, the district court found Marshall guilty of both counts. The district court sentenced Marshall to 12 months' probation with an underlying 6-month jail term.

Marshall timely appeals.

ANALYSIS

Marshall argues he did not knowingly waive his right to a jury trial because the district court did not adequately inform him of his right to a jury trial. He asserts the district court's discussion with him was insufficient to create a voluntary and knowing waiver of his right. The State responds that Marshall was adequately informed of his jury trial right when the district court asked Marshall if he intended to waive his right to a jury

trial. The State also notes the district court again asked Marshall before the bench trial began.

*Standard of Review*

>     "'Whether a defendant waived the right to a jury trial is a factual question, subject to analysis under a substantial competent evidence standard of review. But when the facts of the district court's determination to accept a jury trial waiver are not disputed, the question whether the defendant voluntarily and knowingly waived the jury trial right is a legal inquiry subject to unlimited appellate review.' [Citation omitted.]" *State v. Harris*, 311 Kan. 371, 375, 461 P.3d 48 (2020).

Because the facts of the colloquy between the district court and Marshall are not disputed, we exercise unlimited review on the question of whether he acted knowingly and voluntarily. And we are mindful that "jury trial waivers should be strictly construed to ensure the defendant has every opportunity to receive a fair and impartial trial by jury." *State v. Lewis*, 301 Kan. 349, 376, 344 P.3d 928 (2015).

*Preservation*

Marshall admits he did not raise this issue before the district court. Generally, issues—even constitutional issues—not raised before the district court are not properly preserved for appeal. *State v. Anderson*, 294 Kan. 450, 464, 276 P.3d 200 (2012). A few exceptions to the rule exist, including the one asserted by Marshall: an issue may be considered for the first time on appeal if "necessary to serve the ends of justice or to prevent the denial of fundamental rights." 294 Kan. at 464-65. The right of a criminal defendant to a trial by a jury is a fundamental right. *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975). Given the fundamental nature of the right, our courts have addressed this issue for the first time on appeal, and we will follow suit. *State v. Redick*, 307 Kan. 797, 802, 414 P.3d 1207 (2018).

*The district court failed to ensure Marshall understood the nature of the right and that his waiver was voluntary and knowing.*

The Sixth Amendment to the United States Constitution and sections 5 and 10 of the Kansas Constitution Bill of Rights, as well as Kansas statutes, guarantee a criminal defendant's right to a jury trial. K.S.A. 22-3403(1); see *Redick*, 307 Kan. at 803. However, this constitutional right hinges on whether a defendant is charged with a serious or petty offense. *State v. Woolverton*, 52 Kan. App. 2d 700, 702, 371 P.3d 941 (2016). Although a defendant charged with a misdemeanor criminal offense may request a jury trial under K.S.A. 22-3404(1), here Marshall was charged with a class A misdemeanor, sexual battery, subjecting him to up to 12 months in jail. See K.S.A. 2021 Supp. 21-6602(a)(1); K.S.A. 2021 Supp. 21-5505(c)(1). The class A misdemeanor is considered a serious, not a petty, offense, granting Marshall a constitutional right to a jury trial. See *Woolverton*, 52 Kan. App. 2d at 702.

For a criminal defendant to effectively waive the right to a trial by jury, the defendant must first be advised by the district court of a right to a jury trial, and the defendant must personally waive the right in writing or in open court on the record. The district judge is responsible to ensure two things happen before a bench trial can occur. *Harris*, 311 Kan. at 376.

"First, the judge must clearly and unequivocally advise the defendant that they have the right to have their case tried by a jury." 311 Kan. at 376. Because there is a constitutional right to a jury trial, but no equivalent right to a bench trial, there is a presumption a case will be tried to the jury. Second, once a district court has satisfied its obligation to inform the defendant of the right to trial by jury, a waiver of that right may be considered. If the defendant desires to waive this right, the judge must determine whether the waiver is made freely and voluntarily. 311 Kan. at 376.

4

"'The test for determining a waiver's validity is whether it was voluntarily made by a defendant who knew and understood what he or she was doing.'" 311 Kan. at 376. The ability to waive the fundamental right to a trial by jury lies only with the defendant, and the responsibility to inform the defendant of that right rests entirely on the presiding judge. *State v. Frye*, 294 Kan. 364, 371-72, 277 P.3d 1091 (2012).

In *Redick*, our Supreme Court explained that Kansas appellate courts have upheld jury trial waivers even when the district court did not fully explain all the particulars of the right. 307 Kan. at 804 (collecting cases). The Supreme Court found the district judge's remarks minimally sufficient, while noting they were not as expansive as they could have been. The *Redick* court rejected Redick's specific challenges to the district judge's failure to articulate the jury-unanimity requirement. The court noted the transcript demonstrated Redick knew and understood he had a right to a jury trial and that he affirmatively chose to forgo it for a bench trial. Redick explained to the district court why he wished to waive a jury trial, questioning the publicity of his case and his ability to receive a fair jury trial. While the Supreme Court would have preferred the judge explain the steps of a jury trial to make sure it was fair and impartial, the omission of this information did not render Redick's waiver unknowing or involuntary. 307 Kan. at 804-05.

In contrast, our Supreme Court found no knowing and voluntary waiver in *Harris*, where Harris' own attorney—not the district court—raised the subject of a bench trial. 311 Kan. at 376. The district court did not expressly inform Harris of his right to a jury trial or mention Harris' option to waive that right. The Supreme Court acknowledged a possible inference that Harris understood his right because the court and counsel left the choice to him but held the district court's framing of the right to a jury trial as a "mere option failed to recognize Harris was entitled to a jury trial by *default*, without any affirmative election." 311 Kan. at 376.

The court also noted the district court did not engage in any "'thoughtful exchange'" with Harris about the nature of Harris' right to a jury trial. 311 Kan. at 376. Instead, the colloquy centered on confusion over whether Harris wanted a trial by jury or by judge. Once Harris expressed his preference, the district court accepted that Harris wanted a bench trial and moved on without making sure Harris understood the right he was waiving. Ultimately, the Supreme Court held the district court did not properly inform Harris of his right to a jury trial and failed to ensure Harris understood the nature of the right he was waiving. The Supreme Court reversed the district court and remanded the case to the district court so Harris could be informed of his right and decide to exercise it or properly waive it. 311 Kan. at 377.

Here, even less dialogue occurred between the district court and Marshall. After previously making a written request for a jury trial, Marshall waived his request at a scheduling conference during the following discussion:

> "[DEFENSE COUNSEL]:  May it please the Court, Mr. Marshall is here, in person, with attorney Jason Billam.
> "Judge, we need to set this for a bench trial. It's probably going to take two hours. And it can be—I am not in any—Mr. Marshall and I are—whenever the Court can fit it in. We are not in any particular hurry.
> "THE COURT:  Now, there was previously a demand for jury trial.
> "[DEFENSE COUNSEL]:  We talked about it. I think we want to have the bench trial.
> . . . .
> "THE COURT:  Sir, is it your intent today to waive your right to a jury trial and have a trial to the Court?
> "[MARSHALL]:  Yes, sir.
> "THE COURT:  Yes? All right. Thank you."

Then, before the bench trial began, at the request of the State, the district court confirmed with Marshall, asking:

6

"THE COURT: . . . Mr. Marshall, does that continue to be your wish today, to waive your right to a jury trial and have your case tried to me?

"[MARSHALL]:  Yes, Your Honor.

"THE COURT:  All right. Thank you."

The district court never discussed with Marshall his constitutional right to a jury trial or anything the right entailed beyond asking Marshall if he wished to waive his right. The district court took no effort to ensure Marshall understood the right he was waiving. While it appears from the record that Marshall discussed waiving his right to a jury trial with his attorney, it was the district court's responsibility to ensure Marshall understood the nature of the right and ensure that his waiver was voluntary and knowing.

While our courts have rejected a formulaic discussion of the right to a jury trial before a waiver can be accepted, it is still incumbent upon the district court to ensure a criminal defendant is adequately informed of his right. The district court failed to do so. As a result, we reverse and remand for the district court to properly inform Marshall of his rights so he may decide with full knowledge whether to exercise his right or waive it.

Reversed and remanded with directions.