NOT DESIGNATED FOR PUBLICATION

No. 115,968

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW JOHN ROBKE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Nemaha District Court; JAMES A. PATTON, judge. Opinion filed June 23, 2017. Reversed and remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Brad M. Lippert*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  Matthew John Robke appeals his convictions for possession of methamphetamine and possession of drug paraphernalia, arguing:  (1) The district court erred in denying his motion to suppress evidence; (2) there was insufficient evidence to support his conviction for possession of drug paraphernalia; and (3) he did not validly waive his right to a jury trial. Robke's appeal fails on the first and second issues raised. However, Robke's argument on the third issue is persuasive. Therefore, the case is reversed and remanded with directions.

1

On November 14, 2014, Deputy Josh Winkler of the Nemaha County Sheriff's Department received information regarding a possible drug transaction at a residence in Seneca. Deputy Winkler observed a vehicle at the residence and followed it to a farm owned by Robke's sister, Donna Elder. Robke had an outstanding arrest warrant so Deputy Winkler stopped the vehicle after it left Elder's farm. Deputy Winkler asked the driver, Julie Mitchell, whether Robke had ridden with her. Mitchell told Deputy Winkler she dropped Robke off at the workshop on Elder's farm.

Deputy Winkler confirmed the warrant was still active and proceeded to Elder's farm with a second officer, Sergeant Darron Wessel. Elder's farm consisted of a house, a detached garage, and several outbuildings. The house was located between 30 and 40 yards from the main road. Sergeant Wessel approached the house and knocked on the door but did not receive an answer. Meanwhile, Deputy Winkler looked inside the garage and an open barn but did not see anyone. Deputy Winkler knocked on the door of the building he believed to be the workshop but did not receive an answer. He continued to walk around the property and saw Robke walking out of another outbuilding. Deputy Winkler approached Robke and asked if he had anything in his pockets. Robke pulled out his cell phone and a pack of cigarettes. Deputy Winkler took the items and arrested Robke. Deputy Winkler opened the cigarette pack and found a clear plastic bag containing methamphetamine.

The State charged Robke with possession of methamphetamine and possession of drug paraphernalia. Prior to trial, Robke filed a motion to suppress evidence arguing the officers unlawfully entered onto the curtilage of his sister's home, thereby invalidating the subsequent search. The district court denied Robke's motion. The case proceeded to a bench trial on stipulated facts where Robke renewed his objection. The district court overruled Robke's objection and convicted him as charged. Robke was sentenced to 27

months' imprisonment, suspended to 12 months' supervised probation. Robke timely filed a notice of appeal.

### THE DISTRICT COURT PROPERLY DENIED ROBKE'S MOTION TO SUPPRESS EVIDENCE

Robke argues the district court erred in denying his motion to suppress evidence, asserting the officers' entry onto his sister's property was unlawful and he had standing to challenge the same. In reviewing the granting or denial of a motion to suppress evidence, the court determines whether the factual findings underlying the trial court's suppression decision are supported by a substantial competent evidence standard. The appellate courts do not reweigh the evidence or reassess the credibility of the witnesses. The ultimate legal conclusion drawn from those factual findings is reviewed under a de novo standard. *State v. Carlton*, 297 Kan. 642, 645, 304 P.3d 323 (2013).

In his suppression motion, Robke argued the officers unlawfully entered onto the curtilage of his sister's home thereby rendering the subsequent search of his person unlawful. The district court denied Robke's motion, finding the area searched was not within the curtilage of the home. The district court also appeared to imply Robke did not have standing to challenge the search.

> "'[A] defendant cannot object to the seizure of evidence without proper standing to challenge the validity of the search. On the issue of standing, the burden is on the defendant to show an expectation of privacy in the property searched. A defendant may testify at a suppression hearing to establish his or her standing to challenge a search without jeopardizing his or her defense at trial.' *State v. Gonzalez*, 32 Kan. App. 2d 590, 593, 85 P.3d 711 (2004)." *State v. Talkington*, 301 Kan. 453, 476, 345 P.3d 258 (2015).

To establish a legitimate expectation of privacy, a defendant must demonstrate a subjective expectation of privacy in the area searched and the expectation must be

objectively reasonable. *State v. Robinson*, 293 Kan. 1002, 1014, 270 P.3d 1183 (2012). "[A] social guest standing in the shoes of his or her host has standing to assert a reasonable, subjective expectation of privacy in the residence, which includes the curtilage." *Talkington*, 301 Kan. at 482-83.

Here, there is no evidence establishing why Robke was on his sister's property and to what extent he was permitted to be there. Although it is evident the property belonged to a member of his family, such a relationship does not mean Robke has a legitimate expectation of privacy therein. Robke contends that "[t]he [S]tate did not present any evidence [he] did not have . . . permission to be at his sister's house." In making this assertion, Robke fails to consider the fact that he has the burden to establish standing. Robke did not testify at the suppression hearing even though doing so would not have required him to waive his right against self-incrimination at trial. See *Talkington*, 301 Kan. at 476. Further, neither Mitchell nor Robke's sister testified at the suppression hearing. The only evidence presented was: (1) Robke did not live at the property; (2) Robke's sister owned the property; (3) Mitchell dropped Robke off at the property shortly before his arrest; and (4) Robke's vehicle had been on the property approximately 2 years earlier. There was no evidence whatsoever that would establish what type of relationship Robke had with his sister. It could have been amicable or it could have been estranged. There was nothing presented that showed Elder even knew her brother was at her farm. This evidence does not establish Robke was a social guest standing in the shoes of his host. It does not even establish Robke had permission to be on the property.

Robke failed to establish standing to challenge the officers' entry onto his sister's property. Accordingly, the district court properly denied his motion to suppress evidence. Because Robke lacked standing this court need not decide whether the entry was unlawful.

4

Robke argues there was insufficient evidence to support his conviction for possession of drug paraphernalia. At trial, Robke stipulated to the facts presented at the suppression hearing, specifically the testimony of Deputy Winkler. Robke further stipulated to the existence of a pipe containing methamphetamine. Robke argues Deputy Winkler never testified about the existence of a pipe and points to Deputy Winkler's testimony that a search of Robke's person revealed a small plastic bag containing methamphetamine. Robke is correct there was no testimony regarding a pipe at the suppression hearing. Nevertheless, it does not undermine the sufficiency of the evidence based on Robke's stipulations. "By entering into a stipulation of facts, the defendant is precluded from disputing the factual evidence contained in the stipulation." *State v. Bogguess*, 293 Kan. 743, 745, 268 P.3d 481 (2012). "When presented with stipulated facts . . . a court must consider the stipulated context in which the stipulated facts occurred." *State v. Darrow*, 304 Kan. 710, Syl. ¶ 2, 374 P.3d 673 (2016).

Here, Robke stipulated the substance in the pipe was methamphetamine. The context of this stipulated fact necessarily means that (1) there was a pipe, and (2) it contained methamphetamine. Therefore, the district court could find the pipe was used to "store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body." K.S.A. 2016 Supp. 21-5709(b)(2). Accordingly, the stipulated evidence was sufficient to support Robke's conviction for possession of drug paraphernalia.

ROBKE DID NOT EFFECTIVELY WAIVE HIS RIGHT TO A JURY TRIAL

Robke correctly argues he did not knowingly and voluntarily waive his right to a jury trial.

5

"A criminal defendant may waive the fundamental right to a jury trial if the court and State agree to the waiver. K.S.A. 22-3403 (defendant can submit felony case to court instead of jury with consent); *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975). But this court has said that jury trial waivers should be strictly construed to ensure the defendant has every opportunity to receive a fair and impartial trial by jury. 216 Kan. at 589.

"The test for determining a waiver's validity is whether it was voluntarily made by a defendant who knew and understood what he or she was doing. Whether that test is satisfied depends upon the particular facts and circumstances in each case. *Irving*, 216 Kan. at 589; see also *State v. Clemons*, 273 Kan. 328, 340, 45 P.3d 384 (2002) (determination of knowing and voluntary jury trial waiver must be based upon facts and circumstances in each case); *State v. Fisher*, 257 Kan. 65, 73-74, 891 P.2d 1065 (1995) (no error in waiver because defendant spoke with counsel prior to decision, was informed of constitutional right to jury trial and effect of bench trial, and showed desire to have bench trial). A waiver will not be presumed from a silent record. *Irving*, 216 Kan. at 589." *State v. Lewis*, 301 Kan. 349, 376, 344 P.3d 928 (2015).

In the present case, there is no evidence of a written waiver or a knowing and voluntary waiver made on the record. At the bench trial, the parties indicated they wished to proceed with a trial on stipulated facts to allow Robke to appeal the district court's ruling on his suppression motion. However, the district court never personally addressed Robke to ensure he intended to waive his right to a jury trial and understood the rights he was giving up by doing so.

The State argues Robke should not be allowed to pursue this challenge on appeal, analogizing it to invited error. The State asserts Robke strategically waived his right to a jury trial so he could appeal the district court's suppression ruling and "got what he asked for." While it may have been a strategic decision suggested by Robke's counsel, Robke did not explicitly waive his right to a jury trial either in writing or in open court. Even though Robke did not object to his counsel's statements, "a waiver will not be presumed from a silent record." See *Lewis*, 301 Kan. at 376. Robke's waiver of his right to a jury

6

trial was not knowingly and voluntarily made. Accordingly, Robke's convictions are reversed and the case is remanded to the district court for a jury trial.

Reversed and remanded with directions.